UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JOSE ALEJANDRO ROSARIO       :
d/b/a ALEXA GROCERY,         :
                             :
     Plaintiff,              :
                             :
v.                           :     Case No. 3:14-CV-00907 (RNC)
                             :
UNITED STATES OF AMERICA,    :
ET AL.,                      :
                             :
     Defendants.             :

RULING AND ORDER

Plaintiff Jose Alejandro Rosario challenges a decision of the United States Department of Agriculture ("USDA") Food and Nutrition Service ("FNS") permanently disqualifying his grocery store from accepting food stamps under the Supplemental Nutrition Assistance Program ("SNAP"). The USDA permanently disqualified plaintiff for "trafficking," that is, accepting food stamps in exchange for ineligible items and cash. The facts of the trafficking itself are not in dispute. Plaintiff contends that he leased his grocery store to a third party before the violations occurred and that permanently disqualifying him, rather than assessing a civil money penalty, was arbitrary and capricious. Plaintiff further alleges that the disqualification violated his due process rights. Defendants have moved for summary judgment. I agree with defendants that the law holds owners strictly liable for trafficking violations and that a civil money penalty was not available under the regulations,

1

making permanent disqualification mandatory. Accordingly, the defendants' motion is granted.[1]

I. Background

Plaintiff owns and operates Alexa Grocery in Norwalk. Defs.' Local R. 56(a)(1) Statement 1, ECF No. 29; Compl. 1, ECF No. 1. Porfirio Rosario ("P. Rosario") managed the store during the relevant time period. Id. at 3. Prior to Spring 2014, Alexa Grocery was a SNAP participant. SNAP, the federal benefits program known as "food stamps," offers nutritional assistance to eligible low-income individuals and families. 7 U.S.C. § 2011 (2012). SNAP benefits are delivered to needy households via electronic benefit transfer ("EBT") cards. Each month, a SNAP recipient's EBT card is credited with a dollar amount of benefits and the card can be used at authorized retail food stores to purchase eligible food items. Pursuant to regulations, retail food store owners who participate in SNAP cannot accept EBT benefits as payment for ineligible items or in exchange for cash. These prohibited behaviors are defined as "trafficking." See 7

---

[1] The complaint names the United States, USDA, and former Secretary of Agriculture Thomas Vilsack as defendants. Plaintiff's claims against the USDA and the Secretary must be dismissed because 7 U.S.C. § 2023(a)(13) permits only judicial review of complaints filed "against the United States." See Kassem v. United States, No. 02-CV-0546E(F), 2003 WL 21383906, at *3 (W.D.N.Y. Apr. 15, 2003) ("Inasmuch as the USDA – as opposed to the United States – is the only named defendant, this action fails for lack of subject matter jurisdiction."). The claims against the defendants other than the United States are therefore dismissed without further discussion.

2

C.F.R. § 271.2 (defining "trafficking").

In Summer 2013, an undercover investigator employed by defendants visited Alexa Grocery three times. R. at 42, ECF No. 28-1. Each time, the investigator either purchased ineligible non-food items with SNAP benefits, R. at 43-45, 46-49, or exchanged SNAP benefits for cash, R. at 48, 52. Soon after these visits, FNS initiated administrative proceedings against plaintiff. R. at 39-41. Plaintiff responded by denying the trafficking charge and requesting a civil money penalty in lieu of permanent disqualification stating that he had an effective compliance program. R. at 54-55. On March 6, 2014, plaintiff's attorney sent FNS an affidavit from the manager of Alexa Grocery, P. Rosario, averring that in November 2012 he had leased the store from plaintiff. R. at 61-62. A week later, plaintiff's attorney sent FNS a copy of a management agreement between plaintiff and P. Rosario, and P. Rosario's IRS form 1099 from 2013. R. at 64-70.

After review of the investigator's reports and plaintiff's letters and supporting documents, FNS issued a written decision finding that violations had occurred. R. at 71-73. The decision explained that per Regulation 278.6(e)(1), a store shall be disqualified from participating in SNAP if: "(i) personnel of the [store] have trafficked as defined in Section 271.2." R. at 71. FNS found that plaintiff was the owner of Alexa Grocery at the

relevant time because the management agreement showed only that P. Rosario would manage the store, not that he would own it. R. at 72; see id. ("[The agreement] stated, 'Nothing in this agreement shall be considered as giving the manager an ownership interest in the business.'"). Further, plaintiff had submitted an online reauthorization application on June 10, 2013, naming himself as owner of the store. Id. With regard to the nature of the penalty to be imposed, FNS found that a monetary penalty was not appropriate because plaintiff had failed to demonstrate that he had an effective compliance policy and program to prevent violations, as required to be eligible for a monetary penalty. R. at 74. The decision concluded that "a permanent disqualification is warranted and the disqualification of this store would not cause hardship to SNAP households." R. at 73.

Plaintiff requested administrative review of the decision. R. at 77, 84-87. FNS issued a final agency decision on May 20, 2014. R. at 91-101. The final decision concluded that there was sufficient evidence to support permanent disqualification. Id. Plaintiff then filed this action pursuant to 7 U.S.C. § 2023.

II. Standard of Review

On a motion for summary judgment, the moving party bears the burden of showing that there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); see also Anderson v. Liberty Lobby, Inc.,

477 U.S. 242, 247 (1986). "An issue of fact is 'genuine' if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 202 (2d Cir. 2007) (quoting Jeffreys v. City of New York, 426 F.3d 549, 553 (2d Cir. 2005)). When the nonmovant "bear[s] the ultimate burden of proof at trial, the movant may . . . point[] to an absence of evidence to support an essential element of the nonmoving party's claim." B.C. v. Mount Vernon Sch. Dist., 837 F.3d 152, 157–58 (2d Cir. 2013) (second alteration in original) (quoting Gummo v. Village of Depew, 75 F.3d 98, 107 (2d Cir. 1996)).

A SNAP vendor aggrieved by a final administrative action of FNS may obtain judicial review of the agency decision. 7 U.S.C. § 2023(a)(13). The district court reviews the facts de novo on the question of whether the vendor violated the regulations. Id. § 2023(a)(15); Makey Deli Grocery Inc. v. United States, 873 F. Supp. 2d 516, 520 (S.D.N.Y. 2012). The SNAP vendor "bear[s] the burden of proving by a preponderance of the evidence that the agency's action was 'invalid.'" Arias v. United States, No. 13 Civ. 8542(HBP), 2014 WL 5004409, at *6 (S.D.N.Y. Sept. 29, 2014) (quoting 7 U.S.C. § 2023(a)(16)). If the district court determines that the violation occurred, it considers whether the penalty was arbitrary and capricious. See Yafaie v. United States, 94 Civ. 7825 (KMW), 1995 WL 422169, at *1 (S.D.N.Y. July

5

18, 1995) ("Whether the imposition of a penalty by the FNS was arbitrary or capricious is a matter of law appropriately determined on a motion for summary judgment."). "An agency's action is arbitrary and capricious if it was unwarranted in law or without justification in fact." Nagi v. USDA, No. 96 CIV. 6034(DC), 1997 WL 252034, at *2 (S.D.N.Y. May 14, 1997) (quoting Ai Hoa Supermarket, Inc. v. United States, 657 F. Supp. 1207, 1208 (S.D.N.Y. 1987)). A penalty is not arbitrary or capricious if it complies with FNS's own policy. See Nagi, 1997 WL 252034, at *2 ("If the agency has followed its guidelines, however, the reviewing court may not overturn the decision as arbitrary and capricious.") (citing Ai Hoa, 657 F. Supp. at 1208); Young Jin Choi v. United States, 944 F. Supp. 323, 325 (S.D.N.Y. 1996) ("A sanction is not arbitrary and capricious when a federal agency properly adheres to its own regulations and guidelines when imposing it.").

III. Discussion

    A. The Trafficking Finding Is Supported

Plaintiff does not dispute that trafficking violations occurred. Pl.'s Local R. 56(a)(2) Statement 1, ECF No. 38. Rather, he argues that "personnel of the firm" who trafficked, see 7 C.F.R. § 278(e)(1)(i), were not his employees because he had leased Alexa Grocery to a store manager. The Government counters that plaintiff is strictly liable for the trafficking

6

violations because he owned the store and merely outsourced its daily operation to his agent, P. Rosario. I agree.

The Food Stamp Act is a strict liability statute that penalizes store owners for violations. See Kassem v. United States, No. 02-CV-0546E(F), 2003 WL 21382906, at *3 (W.D.N.Y. Apr. 15, 2003) ("[I]t is well-established that a store owner is responsible for *any* violations of the Food Stamp Act and regulations by the store's employees."); see also Kim v. United States, 121 F.3d 1269, 1273 (9th Cir. 1997) (rejecting "innocent store owner" defense); Freedman v. USDA, 926 F.2d 252, 257-58 (3d Cir. 1991). The Second Circuit has relied on the legislative goal of preventing fraud in the food stamp program in holding owners accountable despite a lack of clarity in the regulations regarding complex ownership arrangements or "passive investors." Abdelaziz v. United States, 837 F.2d 95, 98 (2d Cir. 1988).

The record establishes that plaintiff owned the store at the relevant time. The "management agreement" he relies on states in several parts that he retains full ownership of the business. R. at 66–69. As noted above, plaintiff submitted an application for reauthorization to receive SNAP benefits after the date he allegedly entered into a "lease" with P. Rosario. R. at 72. The 1099 form submitted by plaintiff shows that the business, Alexa Grocery, paid P. Rosario. R. at 70. On this record, plaintiff was properly found liable for the violations.

B. <u>The Penalty Is Not Arbitrary and Capricious</u>

Plaintiff challenges the sanction of permanent disqualification as arbitrary and capricious, asking instead for a civil money penalty. The Government responds that the decision to permanently disqualify plaintiff from SNAP was mandatory under the regulations. Again, I agree.

The Food Stamp Act makes permanent disqualification the default penalty for vendors who have trafficked in SNAP benefits. 7 U.S.C. § 2021(b)(1)(B); see 7 C.F.R. § 278.6(e)(1)(i) ("The FNS regional office *shall* [d]isqualify a firm permanently if [p]ersonnel of the firm have trafficked as defined in § 271.2.") (emphasis added); see also <u>Ade v. United States</u>, No. 13 Civ. 2334(WHP), 2014 WL 1333672, at *3 (S.D.N.Y. Mar. 31, 2014) ("There is no doubt that the FNS is authorized to disqualify a store from SNAP permanently for even a single trafficking violation."). Plaintiff argues that the regulations also allow a monetary penalty if disqualification would cause hardship to participating households. However, that option exists as an alternative to temporary disqualification, a penalty for violations other than trafficking. 7 C.F.R. § 278.6(a).

FNS may impose a fine in lieu of permanent disqualification for trafficking only if the store "establish[es] by substantial evidence" that it meets four criteria:

> (1) the existence of an effective compliance policy;
>
> (2) the policy was in operation at the location before the violations occurred;
>
> (3) the existence of an effective personnel training program; and
>
> (4) store ownership was not aware of, did not approve of, did not benefit from, and was in no way involved in the trafficking violations.

7 C.F.R. § 278.6(i).

The regulations require the store to provide supporting documentation to comply with the "substantial evidence" requirement. 7 C.F.R. § 278.6(i)(1) & (2). This includes written, dated documents showing training programs and when they were conducted. Id. "Store owners cannot simply attest to having effective antifraud programs; rather, they must prove it." Traficanti v. United States, 227 F.3d 170, 175 (4th Cir. 2000).

Plaintiff did not provide substantial evidence to FNS regarding the four criteria of an adequate compliance program. He merely asserted in an affidavit that he had trained employees and would fire them for violations. Because plaintiff failed to submit substantial evidence in accordance with the regulations, the sanction of permanent disqualification was mandatory. See 21871 Hempstead Food Corp. v. United States, No. 14 Civ. 00006(ILG), 2014 WL 4402069, at *3 (E.D.N.Y. Sept. 4, 2014); see also Arias v. United States, No. 13 Civ. 8542(HBP), 2014 WL 5004409, at *12 (S.D.N.Y. Sept. 29, 2014) (affirming imposition

of permanent disqualification when vendor did not submit written documentation of an effective fraud prevention program); <u>Kassem v. United States</u>, No. 02-CV-0546E(F), 2003 WL 21382906, at *4 (W.D.N.Y. Apr. 15, 2003) (same).

    C. <u>Due Process</u>

Plaintiff's complaint alleges that his permanent disqualification violates due process. Compl. 9, ECF No. 1. The Government argues that the statute and regulations on disqualification for trafficking are rationally related to the objective of eliminating fraud and plaintiff has received the process required by the Constitution. Defs.' Mem. Supp. Mot. Summ. J. 14–15, ECF No. 28. Plaintiff has not responded to this argument and review of the record discloses no basis for finding a due process violation.

IV. <u>Conclusion</u>

Accordingly, the motion for summary judgment [ECF No. 27] is hereby granted. The Clerk may enter judgment for the defendant and close the case.

So ordered this 27th day of September 2017.

                                /s/RNC
                        Robert N. Chatigny
                  United States District Judge